# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | | |
|---|---|---|
| HARRIS L. WILLIAMS | : | CIVIL ACTION NO.: 5:15-CV-02353 |
| | : | |
| VERSUS | : | JUDGE: S. MAURICE HICKS |
| | : | |
| STATE OF LOUISIANA, et al | : | MAGISTRATE JUDGE: MARK L. HORNSBY |

### PRETRIAL ORDER

Following pretrial proceedings in this cause pursuant to the procedure of this Court,

**IT IS ORDERED:**

A.

This is an action for violation of, *inter alia*, statutory rights, under 42 USC 1983, 42 USC 1981 and Title VII of the Civil Rights Act of 1964, 42 USC 2000e, et seq for failure to pay equal wages because of race brought by Plaintiff Harris Williams, against defendants, State of Louisiana and individual defendants Charles Strong, Angie Rymer, Rick Bateman and Amber Saunders for compensatory damages, consequential damages, punitive damages against individual defendants and attorney fees and Monty Sullivan and Joseph Rallo for injunctive and declaratory relief.  Defendants dispute these allegations. Rick

Bateman was dismissed with prejudice on October 21, 2016.  Plaintiff will be filing a Motion to Dismiss Defendants Monty Sullivan and Joseph Rallo.

                                        B.

        The parties and their legal relationships are as follows:

(1)     Plaintiff Harris Williams is a current instructor employed by Defendant State of Louisiana through its Northwest Louisiana Technical College in Shreveport, Caddo Parish LA. He is a citizen of the State of Louisiana and is domiciled in Caddo Parish, Louisiana.

(2)     Defendant State of Louisiana through its Louisiana Community and Technical College System ("LCTCS") and Board of Regents.  It  is a sovereign State of the United States of America. The LCTCS and the Board of Regents is an arm of the State.

(3)     Defendant Charles Strong is the former Regional Director of the Louisiana Northwest Louisiana Technical College.  He is domiciled in Minden, Webster Parish, Louisiana. He is sued in his individual capacity.

(4)     Defendant Angie Rymer is the former campus dean of the Shreveport Campus of the Louisiana Northwest Louisiana Technical College. She was the direct supervisor of Plaintiff. She is domiciled in Shreveport, Caddo Parish, Louisiana. She is sued in her individual capacity.

(5)     Defendant Amber Saunders is the current Chief Human Resources Officer for

                                        -2-

the Louisiana Northwest Louisiana Technical College. She is domiciled in Shreveport, Caddo Parish, Louisiana. She is sued in her individual capacity.

(6)     Defendant Rick Bateman has been dismissed.

(7)     Plaintiff has filed a Motion to Dismiss Defendants Monty Sullivan and Joseph Rallo.  Defendant Sullivan is the President of the Louisiana Community and Technical College System and is sued in his official capacity only.  Defendant Rallo is the Commissioner of Higher Education for the Louisiana Board of Regents and is sued in his official capacity only.

C.

Statement of jurisdiction:  Federal question jurisdiction exists pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 USC 1331.

D.

The following facts are stipulated by the parties and require no proof:

1.     Harris Williams became a nine month contract instructor in welding in 2005.

2.     Harris Williams performed his duties as instructor continuously from date of hire to present at the Shreveport Campus of the Louisiana Northwest Louisiana Technical College.

3.     Plaintiff became a twelve-month contracted employee effective August 11, 2014.

4.     Nine-month faculty members are less of a tax on the budget than twelve-month faculty members

5.     Plaintiff has at all times been a welding instructor at the Shreveport campus

-3-

while employed by NWLTC.

6.      Both nine-month instructors and twelve-month instructors are full time employees.

7.      Mr. Strong retired as Regional Director in December 2013, and Ms. Rymer's employment ended in February 2015.

E.

**By plaintiff:**

The contested facts are:

Plaintiff submits the following contested facts:

1.      Harris Williams was hired as an adjunct instructor in welding by Angie Rymer in April 2004. The next year he became a nine month instructor.

2.      Regional Director Rick Bateman awarded Mr. Harris Williams a twelve month contract effective August 11, 2014.

3.      During her tenure as campus dean, Angie Rymer held the authority to award Mr. Williams a 12 month contract.

4.      During his tenure as Regional Director, Charles Strong held the authority to award Mr. Williams a 12 month contract.

5.      Plaintiff would have received a higher base pay annual salary as a twelve month contract employee than as a nine month contract employee.  The difference in base pay was about $10,000.00 annually.

6.    Plaintiff replaced a 12 month welding instructor when initially hired.  According to practice, Plaintiff should have been made a 12 month instructor when hired.

7.    Several comparable white instructors who worked at the Shreveport campus who were less qualified than Plaintiff with less seniority  were awarded twelve month contracts during the times alleged to be affected by a hiring freeze and other alleged constraints.

8.    Angie Rymer was aware of the conditions stated in No. 3 above.

9.    Mr. Williams complained several times to Ms. Rymer about his unequal pay and about the white instructors being paid more and about white welders on other campuses being paid under a twelve month contract.

10.    Several comparable white welding instructors at other campuses in the region were awarded twelve month contracts when under similar circumstances Plaintiff received only a nine month contract.

11.    All instructors including the whites on the Shreveport campus and welding instructors on other campuses were similarly situated with Mr. Williams.

12.    Charles Strong was aware of the conditions stated in No. 6 above.  He had access and approved all contracts in his region.

13.    In each discipline at the Shreveport campus and in the Northwest Region, there was a practice to employ a 12 month contract employee, and to replace a 12 month employee with another 12 month contract employee.

-5-

14.  If any directive were in place to freeze wages, it was regularly ignored and had
     little effect, if any, on the decision not to give Plaintiff a 12 month contract.  Other
     white instructors were hired as 12 month contract employees during the alleged
     period of a freeze.  Any such freeze on hiring 12 month contract employees was
     merely a suggestion by the LCTCS Board of Supervisors. The existence of the
     freeze/suggestion is doubtful as it had no definitive beginning and no definitive
     end.  There was no economic reason to have Mr. Williams on a 12 month
     contract.  His classes generated the most income for LCTCS and also were the
     fastest growing of any of the classes.

15.  As a result of the unfavorable treatment received by Plaintiff he suffered a loss of
     pay and mental distress.  He was medically treated for his mental distress.

16.  Saunders approved the employment contracts.

17.  Rymer and Strong exhibited favoritism toward white instructors. Rymer provided
     time off to white instructors to conduct private business.

18.  Rymer exhibited prejudice toward Williams by not investigating thefts from his
     shop, complaints against white instructors who took off from instruction to
     conduct private business, and not providing assistants until directed by the
     Regional Director. She also awarded twelve month contracts to white instructors
     at the Shreveport campus who had less seniority than Plaintiff.  One of the white
     instructors was an acquaintance of Rymer and was allowed to leave employment

and be re-hired on a 12 month contract.

19.     Mr. Williams taught more student hours than any other individual welding

        instructor (excluding nursing).  Mr. Williams recruited more students than any

        other individual welding instructor(excluding nursing).  Mr. Williams worked more

        hours than any other individual welding instructor (excluding nursing).    Mr.

        Bateman awarded Mr.  Williams a twelve month contract in part because his

        program was the only program that was increasing in size in the Northwest

        Louisiana Technical College System.

20.     Mr. Williams received above average performance evaluations.

**By Defendants**

1.     There have been regular hiring freezes and budget cuts to higher education

       since  2008.

2.     NWLTC lost 30% of its state general funding during 2008-2013.

3.     The economic situation was severe enough that the college was forced to lay off

       instructors and close programs.

4.     As a result of budget constraints, there were faculty with twelve-month contracts

       who were placed in nine-month contracts.  The governing Board encouraged the

       college to reduce existing faculty from twelve-month to nine-month contracts

       whenever it could due to fiscal constraints.

5.     When an instructor at the college is hired for a nine-month position, he does not

typically move to twelve months.

6.    During the 2004-2006 time period, with few exceptions, the directive to the technical colleges was that twelve-month appointments should not be made. Exceptions included instructors in the nursing or prison programs, whose students follow a different twelve month schedule, with different holidays, mandating summer instruction.

7.    The community colleges had moved to nine-month contracts and the technical colleges remained "strongly encouraged" to utilize nine-month appointments, again with few exceptions.

8.    Mr. Strong, as Regional Director, made the campus Deans aware that the Board was very concerned about finances and was asking administration to look at nine-month contracts whenever possible.

9.    There was never a twelve-month position in welding open on the Shreveport campus.

10.    As a nine-month employee, Plaintiff's one year of service for retirement plan purposes accrued as of the end of each nine-month contract, in May.  Plaintiff did not have to work the summer to accrue the year of service.  Nor do the rates of plan contributions differ between nine-month and twelve-month contracts.

11.    Ms. Saunders and Ms. Rymer discussed the possibility of moving Mr. Williams into a 12 month contract in 2011 and reviewed the numbers in this regard. However, in July, 2011, a hiring freeze was implemented.

12.    There are multiple reasons why an employee might receive a twelve-month contract, even during a time when such was discouraged.  Grants can affect the award of such contract.  The curriculum, such as in nursing, would necessary affect the award of a twelve-month contract. When replacing a position, administration could typically move forward with a replacement in the same twelve-month category.

13.    Plaintiff has no evidence to suggest that the award of twelve-month contracts was due to race.

14.    Plaintiff has no evidence concerning the circumstances of each instructor's hire.

15.    Once a twelve-month contract is in place, there is no more separate summer pay; it is included in the contract rate.

16.    Mr. Williams admits that he has no evidence to demonstrate that he was paid unequal wages because of race.

17.    Louisiana Community and Technical College System is not a juridical entity.

18.    Institutions of higher education and their Boards are arms of the state entitled to immunity.

19.  The Louisiana Board of Regents is considered to be an agency of the State of Louisiana and entitled to the same Eleventh Amendment immunity available to the State.

20.  The Board of Regents' powers of management over public institutions of post-secondary education do not apply to the LCTCS; such powers are specifically reserved to the Board of Supervisors of the LCTCS. The Board of Regents has no operational authority over the LCTCS or its various schools and campuses.

21.  The last nine-month contract under which Plaintiff worked expired in May 2014.

22.  Plaintiff filed his lawsuit on September 10, 2015.

23.  Plaintiff was initially hired as an "adjunct" instructor, teaching welding at the NWLTC campus in Shreveport. At that time, he had no technical certifications related to welding; his welding qualifications were on-the-job training.

24.  Adjunct instructors are paid on an hourly basis, and the position is temporary in nature.  Williams held an adjunct position for about a year, at which time he was offered a nine-month instructor position in the welding department in Shreveport.

25.  The salary schedule is based on the instructors' education and experience.

26.  During the 2004-2006 period, twenty-one (21) instructors were hired throughout the region. Only four fell outside of the nine-month contract directive; three of those were from the nursing program. None were welders.

27.  There were no twelve-month welding instructors at the Shreveport Campus

where Plaintiff is employed.

28.  The campuses are operationally independent, and employment decisions, including assignment of nine or twelve-month instructor contracts, typically originate with the deans at the campus level.

29.  Mr. Williams was offered a twelve month contract when one became open at the Mansfield campus. He declined to pursue that position, stating that he had no interest in leaving his campus.

30.  Both types of appointments (nine month and twelve month) earn leaves of absence – the difference is in the manner in which it is earned. Nine-month employees earn "faculty leave," based upon the holidays taken by students, while twelve-month employees may only accrue "annual leave."

31.  There are many Black instructors at the Shreveport campus who work under twelve-month contracts.

32.  Plaintiff was generally paid $20/hour or $25/hour (the rate increased in later years) for summer work.

33.  The nursing departments have always made more per hour in the summer.  Due to the continuous nature of the nursing curriculum, the nursing faculty operates under a different salary structure, i.e. almost always twelve-month contracts.

34.  Mr. Williams taught a course through a grant which afforded him $30 per hour instead of the usual $25 rate.

35. Mr. Williams is one of the highest paid of any welders in the College, regardless of their status of nine versus twelve month instructors.

36. Plaintiff concedes that there are no other department heads in the welding departments of other NWLTC campuses; he agrees that none exist in the entire college.

37. Most faculty, including nine-month faculty, regularly work the summer months.

38. Use of state funds for professional development opportunities in a place such as Hawaii, when budgets were tight, was discouraged. Plaintiff has no evidence that the decision was race related.

39. Other nine-month employees were to come to work a week early in 2013. There could have been nine-month employees who reported to campus early, other than Plaintiff.

40. Ms. Rymer never suggested Plaintiff would lose his job in discussions regarding Rymer's son.

41. Ronald Riley, an I.T. instructor, received a raise to bring him up to where he should have been on the salary scale; he was behind as a result of years of no increases and a position change.  Plaintiff discussed this issue with Dr. Bateman, believed Dr. Bateman's  explanation, and Williams did not take the issue further.

42. Plaintiff got an assistant assigned and had assistance in the department.

43. Plaintiff represented to the Equal Employment Opportunity Commission that his

employer was the Northwest Louisiana Technical College.

44.    Plaintiff's job is "a lot better" now.


F.

The contested issues of law to be determined by the Court.

**Plaintiff submits the following issues of law:**


A.    Plaintiff contends that the LCTCS when described as the management board of LCTCS is a juridical entity.  See Doc. 1, ¶5(b).  It is plain from a reading of the Complaint that Plaintiff adequately described and thus sued the "management or governing board" over the Northwest Technical College. Plaintiff moves that the Court recognize that the plaintiff has named the Board of Supervisors for LCTCS.  Plaintiff has also named the State of Louisiana which is a juridical entity.

B.    Plaintiff contends that the LCTCS when described as the management board of LCTCS is a juridical entity.  See Doc. 1, ¶5(b).  It is plain from a reading of the Complaint that Plaintiff sued his employer which is the "management or governing board" over the Northwest Technical College. Plaintiff moves that the Court recognize that the plaintiff has adequately described and thus  named the Board of Supervisors for LCTCS.  Plaintiff has also named the State of Louisiana which is an employer.

C.    Plaintiff contends that no immunity is available to Defendants in that race discrimination in pay was a clearly established right at the time of Plaintiff's employment.

D.    Plaintiff contends that he has no cause of action against individuals under Title VII.

Plaintiff contends that he has a cause of action under 42 USC 1983 and/or 42 USC 1981 against individuals.  See Plaintiff's Opposition to Motion for Summary Judgment [Doc. 34].

E.    Plaintiff contends that these Defendants are not entitled to qualified immunity since the right to free of race based employment decisions under the Equal Protection Clause is a clearly established right.  Paying unequal wages based on

-13-

race is also clearly prohibited.

F.     Plaintiff denies his claims have prescribed.  The failure to pay equal wages is a continuing violation.  Those violations under Section 1981 are subject to a four year statute of limitations. See Plaintiff's Opposition to Motion for Summary Judgment [Doc. 34].

G.     Plaintiff denies that cannot meet his burden of proving race discrimination. Plaintiff denies this is an issue of law.  Otherwise, see Plaintiff's Opposition to Motion for Summary Judgment [Doc. 34].

H.     Plaintiff denies that he cannot establish a *prima facie* case of race discrimination. Plaintiff denies this is an issue of law.  Otherwise, see Plaintiff's Opposition to Motion for Summary Judgment [Doc. 34].

I.     The defendants' acts and/or omissions did constitute illegal discrimination, harassment or retaliation. The failure to pay equal wages is a continuing violation.  Those violations under Section 1981 are subject to a four year statute of limitations. See Plaintiff's Opposition to Motion for Summary Judgment [Doc. 34].

J.     Plaintiff has been subjected to an adverse employment action.  The failure to pay equal wages is an adverse employment  violation.  See Plaintiff's Opposition to Motion for Summary Judgment [Doc. 34].

K.     Plaintiff can establish that other similarly situated employees outside of the protected class were treated differently under nearly identical circumstances. Both white instructors and white welding instructors were provided 12 month contracts when Plaintiff was provided only a 9 month contract.  Instructors did substantially the same work.  See Plaintiff's Opposition to Motion for Summary Judgment [Doc. 34].

L.     Defendants did not act on legitimate, nondiscriminatory bases for which Plaintiff can prove pretext or otherwise that race motivated the decisions.  See Plaintiff's Opposition to Motion for Summary Judgment [Doc. 34].

M.     Plaintiff has dismissed his retaliation claims.

N.     Plaintiff's race is an illegal factor in the decisions related to his employment, including the decision whether to offer him a 9 or a 12 month contract.  See Plaintiff's Opposition to Motion for Summary Judgment [Doc. 34].

O.     Plaintiff suffered damages to which he is entitled to relief from Defendants.  See Plaintiff's Opposition to Motion for Summary Judgment [Doc. 34].  Plaintiff

-14-

suffered distress and lost income from the failure to award him a twelve month contract.

P.  Plaintiff mitigated his alleged damages by requesting many times to be provided a 12 month contract.  Plaintiff contends that Defendants have the burden of proving a failure to mitigate defense and can not sustain that defense. Plaintiff received medical treatment and worked much longer hours than necessary to offset the discrimination.

Q.  A comparable employee against whom Plaintiff measures his treatment need not be identical to Plaintiff. Plaintiff contends that similarly situated employees for equal pay purposes can be those who have the same job title and have jobs of similar effort, responsibility and skill. Those comparables can be at the Shreveport campus or at other campuses within the Northwest Louisiana region where Defendant Strong was the director.  Strong approved each contract at issue in this case.

**Defendants submit the following contested issues of law:**

a.  LCTCS and NWLTC are not juridical entities capable of being sued. Therefore, Plaintiff's claims against LCTCS and NWLTC should be dismissed.

b.  None of the named Defendant entities were at any time Plaintiff's "employers" subject to liability under Title VII, and thus, Plaintiff's Title VII claims against the non-employer Defendants should be dismissed.

c.  The named Defendant entities are entitled to immunity.

d.  Plaintiff cannot sustain a cause of action under Title VII, 42 USC §1983, or 42 USC §1981 against the individual Defendants.

e.  Defendants Rymer, Saunders, and Strong are entitled to qualified immunity in their individual capacities.

f.  Certain of Plaintiff's claims are prescribed, including his claims for race discrimination.

g.  Plaintiff cannot meet his burden of proving race discrimination.

h.  Plaintiff cannot establish a *prima facie* case of race discrimination.

i.  The defendants' acts and/or omissions did not constitute illegal discrimination,

harassment or retaliation.

j.      Plaintiff has not been subjected to an adverse employment action.

k.      Plaintiff cannot establish that other similarly situated employees outside of the protected class were treated differently under nearly identical circumstances.

l.      Defendants acted on legitimate, nondiscriminatory bases for which Plaintiff cannot prove pretext or otherwise that race motivated the decisions.

m.      Plaintiff's race has not been a determinative factor in any decisions related to his employment, including the decision whether to offer him a 9 or a 12 month contract.

n.      Plaintiff did not suffer any damages to which he is entitled to relief from Defendants.

o.      Plaintiff failed to mitigate his alleged damages.

G.

The following depositions and answers to interrogatories will be offered in evidence:

**By plaintiff:**

Plaintiff does not anticipate any witness testifying by deposition or introducing any answers to interrogatories.  Plaintiff may introduce certain responses to requests for production of documents in the event Defendants refuse to admit the authenticity of certain documents produced by them in discovery. Otherwise, Plaintiff anticipates using any and all depositions and responses to discovery to the extent permitted by the Federal Rules of Evidence for the general purposes of examination of witnesses including impeachment, refreshing memory and rehabilitation.

**By defendants:**

Defendants do not anticipate offering any witness testimony by deposition or introducing any answers to interrogatories. Defendants may introduce certain of Plaintiff's responses to their requests for production of documents in the event Plaintiff refuses to admit the authenticity of the documents produced by him in discovery. Otherwise, Defendants anticipate using any and all depositions and responses to discovery to the extent permitted by the Federal Rules of Evidence for the general purposes of examination of witnesses, including impeachment, refreshing memory, and rehabilitation.

H.

There is no objection to the exhibits listed below, except as follows:

**Exhibits By Plaintiff**

Defendant refers the Court's attention to its Motion in Limine and Memorandum in Support, filed on January 5, 2017.  Defendants incorporate all objections included therein as if such objections are set forth herein *in extenso*.

6.    Overall Evaluation Summary Narrative 11/16/13

Defendants object to Plaintiff's proposed Exhibit 6 as constituting hearsay (F.R.E. 801, *et seq*.) and not being authenticated (F.R.E. 901, *et seq*.). Defendants further object to page 1 of Plaintiff's proposed Exhibit 6 as it was not identified in Plaintiff's initial disclosures or produced by Plaintiff in discovery, despite discovery requests to Plaintiff to produce all documents which allegedly support his claims and which may be relied upon at trial.  See F.R.C.P. 26(e) and 37(c), *Current v. Atochem N. Am., Inc.*, 2001 WL 36101282 (W.D. Tex. Sept. 18, 2001), *Am. Realty Trust, Inc. v. Matisse Partners, L.L.C*, 2002 WL 1489543 (N.D. Tex. July 10, 2002), and *Mack v. Benjamin*, 2015 WL 7313869 (M.D. La. Nov. 20, 2015).

7.    LTC Promotion in Rank Application & Self-Rating Worksheet 10/17/08

Defendants object to Plaintiff's proposed Exhibit 7 as constituting hearsay (F.R.E. 801, *et seq*.) and not being authenticated (F.R.E. 901, *et seq*.). Defendants further object to Plaintiff's proposed Exhibit 7 as it was not identified in Plaintiff's initial disclosures or produced by Plaintiff in discovery, despite discovery requests to Plaintiff to produce all documents which allegedly support his claims and which may be relied upon at trial. See F.R.C.P. 26(e) and 37(c), *Current v. Atochem N. Am., Inc.*, 2001 WL 36101282 (W.D. Tex. Sept. 18, 2001), *Am. Realty Trust, Inc. v. Matisse Partners, L.L.C*, 2002 WL 1489543 (N.D. Tex. July 10, 2002), and *Mack v. Benjamin*, 2015 WL 7313869 (M.D. La. Nov. 20, 2015).

8.    LTC Central Staff Personnel Changes - Unclassified Replacements Only 11/18/13

Defendants object to Plaintiff's proposed Exhibit 8 as constituting hearsay (F.R.E. 801, *et seq*.) and not being authenticated (F.R.E. 901, *et seq*.).

9.     LTC Central Staff Personnel Changes - Unclassified Replacements Only 5/16/14

Defendants object to Plaintiff's proposed Exhibit 9 as constituting hearsay (F.R.E. 801, *et seq*.) and not being authenticated (F.R.E. 901, *et seq*.).

10.     E-Mail to Harris Williams from Charles Strong concerning LoLa timesheet 9/4/13

Defendants object to Plaintiff's proposed Exhibit 10 as constituting hearsay (F.R.E. 801, *et seq*.) and not being authenticated (F.R.E. 901, *et seq*.).

11.     NWLTC Welding Enrollment 2013-2014 page 001036

Defendants object to Plaintiff's proposed Exhibit 11 as constituting hearsay (F.R.E. 801, *et seq*.). Defendants further object to Plaintiff's proposed Exhibit 11 as it was not identified in Plaintiff's initial disclosures or produced by Plaintiff in discovery, despite discovery requests to Plaintiff to produce all documents which allegedly support his claims and which may be relied upon at trial.

12.     Statement of Position to EEOC from Charles Strong, Regional Director regarding Charge of  Discrimination by Harris Williams 001174 - 001261

Defendants object to Plaintiff's proposed Exhibit 12 as constituting hearsay (F.R.E. 801, *et seq*.).  Defendants further object to Plaintiff's proposed Exhibit 12 as it was not identified in Plaintiff's initial disclosures or produced by Plaintiff in discovery, despite discovery requests to Plaintiff to produce all documents which allegedly support his claims and which may be relied upon at trial.  See *Juneau v. Quality Christmas Tree, Ltd.*, 2014 WL 3796406 (S.D. Tex. July 30, 2014) and *Cruz v. Aramark Servs., Inc.*, 213 Fed.Appx. 329, 332 (5th Cir. 2007).

13.     E-Mail to Amber Saunders from Sharon Dunham, Payroll Manager re Harris Williams 000414 - 000419 8/16/13.

Defendants object to Plaintiff's proposed Exhibit 13 as constituting hearsay (F.R.E. 801, *et seq*.). Defendants further object to Plaintiff's proposed Exhibit 13 as it was not identified in Plaintiff's initial disclosures or produced by Plaintiff in discovery, despite

discovery requests to Plaintiff to produce all documents which allegedly support his claims and which may be relied upon at trial.

14.    EEOC Notice of Charge of Discrimination 001172 9/26/13 and 001173 12/3/13.

Defendants object to Plaintiff's proposed Exhibit 14 as constituting hearsay (F.R.E. 801, *et seq*.).

16.    LTC Central Staff Personnel Changes Unclassified Replacements Only 002972

9/21/16.

Defendants object to Plaintiff's proposed Exhibit 16 as constituting hearsay (F.R.E. 801, *et seq*.). Defendants further object to Plaintiff's proposed Exhibit 16 as it was not identified in Plaintiff's initial disclosures or produced by Plaintiff in discovery, despite discovery requests to Plaintiff to produce all documents which allegedly support his claims and which may be relied upon at trial.  Defendants further object to Plaintiff's proposed Exhibit 16 as being irrelevant under F.R.E. 401 and 402, as more fully set forth in Defendants' Motion in Limine.

17.    LTC Central Staff Personnel Changes - Unclassified Replacements Only 002956 and Faculty Employment Agreement 003008.

Defendants object to Plaintiff's proposed Exhibit 17 as constituting hearsay (F.R.E. 801, *et seq*.). Defendants further object to Plaintiff's proposed Exhibit 17 as it was not identified in Plaintiff's initial disclosures or produced by Plaintiff in discovery, despite discovery requests to Plaintiff to produce all documents which allegedly support his claims and which may be relied upon at trial. Defendants further object to Plaintiff's proposed Exhibit 17 as being irrelevant under F.R.E. 401 and 402, as more fully set forth in Defendants' Motion in Limine.

18.    LTC HR Form #1, Unclassified Personnel Actions - Campuses 8/22/11.

Defendants object to Plaintiff's proposed Exhibit 18 as constituting hearsay (F.R.E. 801, *et seq*.) and not being authenticated (F.R.E. 901, *et seq*.). Defendants further object to page 1 of Plaintiff's proposed Exhibit 18 as it was not identified in Plaintiff's initial disclosures or produced by Plaintiff in discovery, despite discovery requests to Plaintiff to

produce all documents which allegedly support his claims and which may be relied upon at trial. See F.R.C.P. 26(e) and 37(c), *Current v. Atochem N. Am., Inc.*, 2001 WL 36101282 (W.D. Tex. Sept. 18, 2001), *Am. Realty Trust, Inc. v. Matisse Partners, L.L.C*, 2002 WL 1489543 (N.D. Tex. July 10, 2002), and *Mack v. Benjamin*, 2015 WL 7313869 (M.D. La. Nov. 20, 2015). Defendants further object to page 2 of Plaintiff's proposed Exhibit 18 as being irrelevant under F.R.E. 401 and 402, as more fully set forth in Defendants' Motion in Limine.

20.    E-mail to Angie Rymer from Amber Saunders FYI Employee Issue 000712 - 000713    9/17/12.

Defendants object to Plaintiff's proposed Exhibit 20 as constituting hearsay (F.R.E. 801, *et seq.*). Defendants further object to Plaintiff's proposed Exhibit 20 as it was not identified in Plaintiff's initial disclosures or produced by Plaintiff in discovery, despite discovery requests to Plaintiff to produce all documents which allegedly support his claims and which may be relied upon at trial.

21.    Letter to Dr. Joe May, System President LA Community & Technical College System from Harris Williams 8/27/12 001005.

Defendants object to Plaintiff's proposed Exhibit 21 as constituting hearsay (F.R.E. 801, *et seq.*) and not being authenticated (F.R.E. 901, *et seq.*). Defendants further object to Plaintiff's proposed Exhibit 21 as it was not identified in Plaintiff's initial disclosures or produced by Plaintiff in discovery, despite discovery requests to Plaintiff to produce all documents which allegedly support his claims and which may be relied upon at trial.

22.    Application for Leave by Harris Williams 000045.

Defendants object to Plaintiff's proposed Exhibit 22 as constituting hearsay (F.R.E. 801, *et seq.*). Defendants further object to Plaintiff's proposed Exhibit 22 as it was not identified in Plaintiff's initial disclosures or produced by Plaintiff in discovery, despite discovery requests to Plaintiff to produce all documents which allegedly support his claims and which may be relied upon at trial.

23.    Louisiana Technical College, District Seven, Shreveport/Bossier Campus staff.

Defendants object to Plaintiff's proposed Exhibit 23 as constituting hearsay (F.R.E. 801, *et seq*.). Defendants further object to Plaintiff's proposed Exhibit 23 as it was not identified in Plaintiff's initial disclosures or produced by Plaintiff in discovery, despite discovery requests to Plaintiff to produce all documents which allegedly support his claims and which may be relied upon at trial.

25.    Number of Students listed in teachers classes 002103.

Defendants object to Plaintiff's proposed Exhibit 25 as constituting hearsay (F.R.E. 801, *et seq*.). Defendants further object to Plaintiff's proposed Exhibit 25 as it was not identified in Plaintiff's initial disclosures or produced by Plaintiff in discovery, despite discovery requests to Plaintiff to produce all documents which allegedly support his claims and which may be relied upon at trial.

26.    LTC HR Form #4 Personnel Changes - Unclassified New Positions Only 1/16/12 2978.

Defendants object to Plaintiff's proposed Exhibit 26 as constituting hearsay (F.R.E. 801, *et seq*.). Defendants further object to Plaintiff's proposed Exhibit 21 as it was not identified in Plaintiff's initial disclosures or produced by Plaintiff in discovery, despite discovery requests to Plaintiff to produce all documents which allegedly support his claims and which may be relied upon at trial. Defendants further object to Plaintiff's proposed Exhibit 26 as being irrelevant under F.R.E. 401 and 402, as more fully set forth in Defendants' Motion in Limine.

27.    Faculty Employment Agreement Harris Williams 8/27/12 - 001339, 8/10/10 - 001344, 8/2/13 - 001332.

Defendants object to Plaintiff's proposed Exhibit 27 as constituting hearsay (F.R.E. 801, *et seq*.).

28.    Faculty Employment Agreement Alfred Clay Giecek  2/16/11 - 003007.

Defendants object to Plaintiff's proposed Exhibit 28 as constituting hearsay (F.R.E. 801, *et seq*.). Defendants further object to Plaintiff's proposed Exhibit 28 as it was not identified in Plaintiff's initial disclosures or produced by Plaintiff in discovery, despite discovery requests to Plaintiff to produce all documents which allegedly support his claims

and which may be relied upon at trial. Defendants further object to Plaintiff's proposed Exhibit 28 as being irrelevant under F.R.E. 401 and 402, as more fully set forth in Defendants' Motion in Limine.

29.    LTC-HR Form #6 LTC Central Staff Personnel, Changes - Unclassified
       Replacements Only 1/17/11.

       Defendants object to Plaintiff's proposed Exhibit 29 as constituting hearsay (F.R.E. 801, *et seq.*). Defendants further object to Plaintiff's proposed Exhibit 29 as it was not identified in Plaintiff's initial disclosures or produced by Plaintiff in discovery, despite discovery requests to Plaintiff to produce all documents which allegedly support his claims and which may be relied upon at trial. Defendants further object to Plaintiff's proposed Exhibit 29 as being irrelevant under F.R.E. 401 and 402, as more fully set forth in Defendants' Motion in Limine.

30.    Faculty Employment Agreement Harris Williams 8/26/14 and LTC HR
       Form #5 Promotions, Changes in Classification, Salary, ETC, 8/18/14.

       Defendants object to Plaintiff's proposed Exhibit 30 as constituting hearsay (F.R.E. 801, *et seq.*).

31.    Welding Instructor, LTC Mansfield Campus.

       Defendants object to Plaintiff's proposed Exhibit 31 as constituting hearsay (F.R.E. 801, *et seq.*). Defendants further object to Plaintiff's proposed Exhibit 31 as it was not identified in Plaintiff's initial disclosures or produced by Plaintiff in discovery, despite discovery requests to Plaintiff to produce all documents which allegedly support his claims and which may be relied upon at trial.

32.    Welding Technology Instructor Northwest Louisiana Technical College, pgs.
       002937 - 002945.

       Defendants object to Plaintiff's proposed Exhibit 32 as constituting hearsay (F.R.E. 801, *et seq.*). Defendants further object to Plaintiff's proposed Exhibit 32 as it was not identified in Plaintiff's initial disclosures or produced by Plaintiff in discovery, despite discovery requests to Plaintiff to produce all documents which allegedly support his claims and which may be relied upon at trial.

33.    Northwest Louisiana Technical College, Unclassified Merit Increases Effective

10/1/13.

Defendants object to Plaintiff's proposed Exhibit 33 as constituting hearsay (F.R.E. 801, *et seq.*) and not being authenticated (F.R.E. 901, *et seq.*). Defendants further object to Plaintiff's proposed Exhibit 33 as being irrelevant under F.R.E. 401 and 402, as more fully set forth in Defendants' Motion in Limine. Defendants further object to Plaintiff's proposed Exhibit 33 as being improper summary evidence under F.R.E. 1006, as more fully set forth in Defendants' Motion in Limine.

34.    LTC Central Staff Personnel Changes - Unclassified Replacements Only 11/19/12, 8/20/12, 11/18/13, 8/19/13 and Faculty Employment Agreement, Christopher Fletcher 5/27/14.

Defendants object to Plaintiff's proposed Exhibit 34 as constituting hearsay (F.R.E. 801, *et seq.*). Defendants further object to Plaintiff's proposed Exhibit 34 as it was not identified in Plaintiff's initial disclosures or produced by Plaintiff in discovery, despite discovery requests to Plaintiff to produce all documents which allegedly support his claims and which may be relied upon at trial.

35.    LTC Central Staff Personnel Changes - Unclassified Replacements Only, 8/22/11, 4/18/11, 1/17/11, Faculty Employment Agreement Eric Nixon 5/29/12, and Faculty Employment Agreement Alfred Clay Giecek 2/16/11.

Defendants object to Plaintiff's proposed Exhibit 35 as constituting hearsay (F.R.E. 801, *et seq.*). Defendants further object to Plaintiff's proposed Exhibit 35 as it was not identified in Plaintiff's initial disclosures or produced by Plaintiff in discovery, despite discovery requests to Plaintiff to produce all documents which allegedly support his claims and which may be relied upon at trial. Defendants further object to Plaintiff's proposed Exhibit 35 as being irrelevant under F.R.E. 401 and 402, as more fully set forth in Defendants' Motion in Limine.

36.    Memo from Charles Strong to All Nine Month NWLTC Employees re: Nine Month Contract Explanations.

Defendants object to Plaintiff's proposed Exhibit 36 as constituting hearsay (F.R.E. 801, *et seq.*). Defendants further object to Plaintiff's proposed Exhibit 36 as it was not identified in Plaintiff's initial disclosures or produced by Plaintiff in discovery,

despite discovery requests to Plaintiff to produce all documents which allegedly support his claims and which may be relied upon at trial.

37.  LTC Promotions, Changes in Classification, Salary, etc 8/18/14 and offer made to Harris Williams for an appointment as Associate Professor 5/12/14.

Defendants object to Plaintiff's proposed Exhibit 37 as constituting hearsay (F.R.E. 801, *et seq.*). Defendants further object to Plaintiff's proposed Exhibit 37 as it was not identified in Plaintiff's initial disclosures or produced by Plaintiff in discovery, despite discovery requests to Plaintiff to produce all documents which allegedly support his claims and which may be relied upon at trial.

38.  EEOC Investigative File 11/2/16 pgs (001-326) - (001-473).

Defendants object to Plaintiff's proposed Exhibit 38 as constituting hearsay (F.R.E. 801, *et seq.*).

39.  Faculty Employment Agreement Christopher Shepherd 5/28/07,5/28/07, 8/4/08, and Agreement Salary Calculation.

Defendants object to Plaintiff's proposed Exhibit 39 as constituting hearsay (F.R.E. 801, *et seq.*). Defendants further object to Plaintiff's proposed Exhibit 39 as it was not identified in Plaintiff's initial disclosures or produced by Plaintiff in discovery, despite discovery requests to Plaintiff to produce all documents which allegedly support his claims and which may be relied upon at trial. Defendants further object to Plaintiff's proposed Exhibit 39 as being irrelevant under F.R.E. 401 and 402, as more fully set forth in Defendants' Motion in Limine.

40.  LTC Unclassified Merit Increase Effective 10/01/2013.

Defendants object to Plaintiff's proposed Exhibit 40 as constituting hearsay (F.R.E. 801, *et seq.*) and not being authenticated (F.R.E. 901, *et seq.*). Defendants further object to Plaintiff's proposed Exhibit 40 as being irrelevant under F.R.E. 401 and 402, as more fully set forth in Defendants' Motion in Limine. Defendants further object to Plaintiff's proposed Exhibit 40 as being improper summary evidence under F.R.E. 1006, as more fully set forth in Defendants' Motion in Limine.

41.  Harris Williams Application For Employment pgs 001288 - 001291.

Defendants object to Plaintiff's proposed Exhibit 41 as constituting hearsay (F.R.E. 801, *et seq*.)**.** Defendants further object to Plaintiff's proposed Exhibit 41 as it was not identified in Plaintiff's initial disclosures or produced by Plaintiff in discovery, despite discovery requests to Plaintiff to produce all documents which allegedly support his claims and which may be relied upon at trial.

42.    Harris L. Williams, Jr. Resume pgs 001262 - 001264.

Defendants object to Plaintiff's proposed Exhibit 42 as constituting hearsay (F.R.E. 801, *et seq*.) and not being authenticated (F.R.E. 901, *et seq.*).

43.    Chart 1: Comparators - Shreveport Campus.

Defendants object to Plaintiff's proposed Exhibit 43 as constituting hearsay (F.R.E. 801, *et seq*.) and not being authenticated (F.R.E. 901, *et seq.*). Defendant further objects to Plaintiff's proposed Exhibit 43 as it was not identified in Plaintiff's initial disclosures or produced by Plaintiff in discovery, despite discovery requests to Plaintiff to produce all documents which allegedly support his claims and which may be relied upon at trial. Defendants further object to pages 4 through 15 of Plaintiff's proposed Exhibit 43 as being irrelevant under F.R.E. 401 and 402, as more fully set forth in Defendants' Motion in Limine. Defendants further object to pages 1 and 2 of Plaintiff's proposed Exhibit 43 as those pages are improper summary evidence under F.R.E. 1006, as more fully set forth in Defendants' Motion in Limine.

44.    Chart 2: Comparators - Welding Instructors Northwest Louisiana Tech College.

Defendants object to Plaintiff's proposed Exhibit 44 as constituting hearsay (F.R.E. 801, *et seq*.) and not being authenticated (F.R.E. 901, *et seq.*). Defendant further objects to Plaintiff's proposed Exhibit 44 as it was not identified in Plaintiff's initial disclosures or produced by Plaintiff in discovery, despite discovery requests to Plaintiff to produce all documents which allegedly support his claims and which may be relied upon at trial. Defendants further object to pages 5 through 15 and 21 through 24 of Plaintiff's proposed Exhibit 16 as being irrelevant under F.R.E. 401 and 402, as more fully set forth in Defendants' Motion in Limine. Defendants further object to pages 1 through 3 of Plaintiff's proposed Exhibit 44 as those pages are improper summary evidence under F.R.E. 1006, as more fully set forth in Defendants' Motion in Limine.

45.    Overton Brooks VA Medical Center medical records.

Defendants object to Plaintiff's proposed Exhibit 45 as constituting hearsay. (F.R.E. 801, *et seq*.).

46.    Willis Knighton Medical Center medical records.

Defendants object to Plaintiff's proposed Exhibit 46 as constituting hearsay. (F.R.E. 801, *et seq*.).

To the extent that Plaintiff fails to properly authenticate any of his proposed exhibits, in accordance with F.R.E. 901, *et seq.*, Defendants reserve any and all objections thereto at trial.

Plaintiff's objections are listed on the Joint Exhibit List.

### Exhibits By Defendant

101.    Louisiana Technical College 12 Month Faculty Salary Schedule (001183, Attachment G-3 to Defendants' Motion for Summary Judgment – R. Doc. 28-10);

102.    Louisiana Technical College 9 Month Faculty Salary Schedule (001182, Attachment G-4 to Defendants' Motion for Summary Judgment – R. Doc. 28-10);

103.    Northwest LTC Full time instructors hired from 2004-2006 (001200; Exhibit J to Defendants' Motion for Summary Judgment – R. Doc. 28-13);

104.    Executive Orders (Exhibit O to Defendants' Reply Memorandum in Support of Motion for Summary Judgment – R. Doc. 44-5);

Plaintiff objects on the grounds of irrelevancy and failure to produce during discovery.

105.    Plaintiff's Employee Benefit/Payroll Information (000001-000086);

106.    Plaintiff's Faculty Employment/Agreements/Contracts (000089-000131);

107.    Faculty Employment Agreement for Harris Williams, 2013 (000113; Attachment G-1 to Defendants' Motion for Summary Judgment – R. Doc. 28-10);

108.    Faculty Employment Agreement for Harris Williams, 2014 (000122; Attachment G-2 to Defendants' Motion for Summary Judgment – R. Doc. 28-10);

109.  Plaintiff's sign-in sheets (000133-000232);

110.  Plaintiff's Lo LA Employee Hourly Details (000233-000413);

111.  August 16, 2013, email communications regarding faculty load compensation (000414-000416, 000459-000461);

   Plaintiff objects on the grounds of relevancy.

112.  September 4, 2013, email communications regarding faculty load compensation meeting (000417-000419);

   Plaintiff objects on the grounds of relevancy.

113.  Message from Dr. Montgomery regarding Faculty Nine-Month Appointments (000420-000421; Attachment N-1 to Defendants' Reply Memorandum in Support of Motion for Summary Judgment – R. Doc. 44-4);

   Plaintiff objects on the grounds of extraneous marks on the exhibits highlighting portion of exhibit.

114.  Document regarding 9-Month Faculty Appointments (000422-000423; Attachment N-2 to Defendants' Reply Memorandum in Support of Motion for Summary Judgment – R. Doc. 44-4);

115.  August 18, 2008, letter to unclassified employees regarding merit raises (000445);

116.  January 2010 email communications regarding welding instructor schedules (000446);

117.  Email from Amber Saunders to Plaintiff regarding pay (000466);

   Plaintiff objects on the grounds of relevancy and improper character evidence.

118.  NWLTC Welding Technology Job Descriptions (000469-000471, 001160-001162);

119.  LTC Unclassified Personnel Action Form (000476);

120.  9-Month Faculty Appointments | August 27, 2004 (000521-000522);

121. Louisiana Community and Technical College System Promotions, Changes in Classification, Salary, Etc. Form (000534);

122. Welding Instructor Job Duties for LTC- Shreveport/Bossier Campus (000629-000630);

123. May 16, 2014, email communications regarding job postings (000686-000687);

Plaintiff objects on the grounds of hearsay. See Plaintiff's Motion in Limine.

124. July 2014 email communications regarding adjunct welding students (000688-000689);

125. August 29, 2012 email regarding 9 month faculty (000703);

Plaintiff objects on the grounds of hearsay. See Plaintiff's Motion in Limine.

126. NWLTC Employee Handbook (000853-000879);

Plaintiff objects on the grounds of improper cumulation. See Plaintiff's Motion in Limine.

127. NWLTC Policy No. 6.014 (000880-000882);

128. Louisiana Community & Technical College System Policy #6.011 (000883-000889);

129. Louisiana Community & Technical College System Policy #6.015 (000890-000891);

130. NWLTC Policy No. 6.004 (000892-000893);

131. NWLTC Employee Handbook (000894-000920);

Plaintiff objects on the grounds of improper cumulation. See Plaintiff's Motion in Limine.

132. NWLTC Employee Handbook (000921-000952);

133. Addendum to Letter of Appointment for Harris Williams (001009);

134. Appointment letter for Harris Williams (001010);

135.   July 22, 2013, correspondence from Charles Strong (001011-001013);

136.   Correspondence from Charles Strong to all nine-month NWLTC employees (001014-001015);

137.   LTC Unclassified Personnel Action Form (001029);

138.   Faculty Employment Agreement for Harris Williams (001032-001033);

139.   Faculty Employment Agreements for Khadijah Seifuddin (001034-001035, 001107-001110);

140.   NWLTC Welding Enrollment documents (001036 (redacted to only show information for Shreveport campus instructors), 001037-001040, 001075 (redacted to only show information for Shreveport campus instructors), 001076-001081, 002103 (redacted to only show information for Shreveport campus instructors));

Plaintiff objects. This type of evidence will have a tendency to mislead or confuse the jury as to what facts are relevant. FRE Rule 403.  See Plaintiff's Motion in Limine.

141.    Salary information for NWLTC welding instructors (001041 and 001074 (redacted to only show information for Shreveport campus instructors), 002100-002102 (redacted to only show information for Shreveport campus instructors));

Plaintiff objects. This type of evidence will have a tendency to mislead or confuse the jury as to what facts are relevant. FRE Rule 403.  See Plaintiff's Motion in Limine.

142.   LTC Region Seven Organizational Charts (001061-001062);

143.   NWLTC Organizational Charts (001063-001068);

144.   NWLTC Policy No. SA1930.206 (001069-001071);

145.   NWLTC Policy No. IS1930.166 (001072-001073);

146.   Faculty Employment Agreements for Ray Johnson (001086-001093);

147.   NWLTC payroll ledgers for NWLTC Shreveport campus welding instructors

(001741-001842-);

148.  NWLTC welding class schedules (002028-002095);

149.  Plaintiff's records from the IRS (002104-002190);

Plaintiff objects to lack of redaction.

150.  Postings for welding instructor positions at NWLTC (002937-002945);

151.  LTC Central Staff Personnel Changes – Unclassified | "Replacements Only" (002984);

152.  Louisiana Technical College 12 Month Faculty Salary Schedules (002991-002994);

153.  Louisiana Technical College 9 Month Faculty Salary Schedule (002995-002996);

I.

This is a jury case.  The jury is applicable to all aspects of the case.  Anticipated length of trial is 3-4 days.

J.

The parties do not request bifurcation.

K.

The undersigned hereby certify that this Pretrial Order has been formulated after telephone conference held on January 10, 2017 in which trial counsel for all parties were included.  Reasonable opportunity has been afforded to counsel for corrections or additions, prior to signing.  Hereafter, this Order shall control the course of the trial and may not be amended except by consent of the parties and the Court, or by the order of the Court to prevent manifest injustice.

APPROVED AS TO FROM AND CONTENT:


/s/ Nelson W. Cameron

_____

NELSON W. CAMERON        L S B A #  0 1 2 8 3
675 Jordan Street
Shreveport, LA  71101
 Phone:  (318) 226-0111
 Fax:  (318) 226-0760

ATTORNEY FOR PLAINTIFF,
Harris Williams

**BREAZEALE, SACHSE & WILSON, L.L.P.**
One American Place, 23rd Floor
Post Office Box 3197
Baton Rouge, Louisiana 70821-3197
Telephone: 225-387-4000
Fax: 225-387-5397


*s/ Jennifer D. Sims*

Leo C. Hamilton, La. Bar Roll No. 25248

Jennifer D. Sims, La. Bar Roll No. 31144

Jacob E. Roussel, La. Bar Roll No. 34742

*Counsel for Defendants, Louisiana Community and Technical College System, et al*

## ACTION BY THE COURT

THE FOREGOING Pretrial Order has been approved by the parties to this action as evidenced by the signature of their counsel, and the Order is hereby entered and will govern in the trial of this case.

Shreveport, Louisiana, this _____ day of _____, 2017.

_____
UNITED STATES DISTRICT JUDGE