**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

HARRIS L. WILLIAMS                                CIVIL ACTION NO. 15-2353

VERSUS                                            JUDGE S. MAURICE HICKS, JR.

STATE OF LOUISIANA, ET AL.                        MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is a Motion to Reconsider Summary Judgment (Record Document 70) filed by Plaintiff Harris L. Williams ("Williams"). Pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), Williams seeks reconsideration of this Court's January 24, 2017 Memorandum Ruling and Judgment, wherein Williams' racial discrimination claims were dismissed in their entirety with prejudice. See Record Documents 68 & 69. Williams argues that such dismissal was "in error and creates manifest injustice." Record Document 70 at 2. Defendants oppose the Motion to Reconsider. See Record Document 72. For the reasons set forth below, Williams' Motion to Reconsider is **DENIED**.

**I.   BACKGROUND.**

At the time of this Court's January 2017 ruling, Williams was employed as a welding instructor at the Northwest Louisiana Technical College in Shreveport, Louisiana. He alleged that Defendants[1] failed to award him a twelve month contract because of his race. He filed the instant lawsuit under 42 U.S.C. § 1983, 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* Defendants filed a Motion for Summary Judgment (Record Document 28) seeking dismissal of Williams' racial discrimination claims in their entirety with prejudice. The Court granted such motion (Record Documents

---

[1]The remaining Defendants included the State of Louisiana through its Louisiana Community and Technical College System and Board of Regents; Charles Strong; Angie Rymer; and Amber Saunders.

68 & 69) and Williams has now moved for reconsideration (Record Document 70).

**II.     LAW AND ANALYSIS.**

   **A.     Rule 59(e) and Rule 60(b) Standards.**

Rule 59(e) provides that "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." F.R.C.P. 59(e). "Generally, a motion to alter or amend a judgment, filed under Rule 59(e) may be granted: (1) to correct manifest errors of law or fact upon which judgment is based; (2) the availability of new evidence; (3) the need to prevent manifest injustice; or (4) an intervening change in controlling law." Hill v. Kervin, No. CIV A 08-272-P, 2009 WL 2254295, at *1 (W.D. La. July 28, 2009). Altering or amending a judgment is considered "an extraordinary measure, which courts should use sparingly." In the Matter of Self, 172 F.Supp.2d 813, 816 (W.D.La.2001). "Rule 59(e) is not a second bite at the summary judgment apple." Factor King, LLC v. Block Builders, LLC, 192 F.Supp.3d 690, 696 (M.D. La. 2016).

Rule 60(b) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." F.R.C.P. 60(b). "Relief under Rule 60(b) is considered an extraordinary remedy," as the "desire for a judicial process that is predictable mandates caution in

reopening judgments." Carter v. Fenner, 136 F.3d 1000, 1007 (5th Cir.1998) (citation omitted).

### B. Statute of Limitations.

Williams argues that this Court erred in concluding that a one year limitations period applied to his Section 1981 claim because "each contract after the initial formation was simply a renewal and not a new contract." Record Document 70-1 at 11. He also contends that the continuous violation theory applies, such that his claims are not prescribed. See id. at 14.

In its original ruling, this Court framed its analysis around Williams' concession that his claims arise solely from Defendants' failure to afford him a twelve-month contract. See Record Document 34. In briefing relating to the defense motion for summary judgment, Williams stated that "he experienced an adverse employment action by being denied a 12 month contract." Record Document 34 at 19. In a supplemental filing, he stated:

> Plaintiff makes no comparison of total dollar value paid annually. Plaintiff makes comparison between awards of 12 month and 9 month contracts. That is what is critical.

Record Document 38 at 4. This Court held that all of Williams' claims and allegations were merely incidental to the award of – or the failure to award – a twelve-month contract. See Record Document 68 at 10.

Nothing presented in Williams' motion or reply convinces this Court that reconsideration as to its statute of limitations ruling is warranted. Williams' case is based on his allegation that he was wrongfully denied a new contract changing his status from a nine-month employee to a twelve-month employee. Section 1981 protects against discrimination in the making and enforcement of contracts. Under Section 1981, where the

claim is based upon conduct at the initial formation of the contract, a one-year prescriptive period applies. See Culbert v. Cleco Corp., 926 F.Supp.2d. 886, 891 (W.D. La. 2013), *aff'd*, 538 Fed. Appx. 504 (5th Cir. 2013), *citing* Patterson v. McLean Credit Union, 491 U.S. 164, 179, 109 S.Ct. 2363, 2374 (1989). Likewise, Williams' allegations relating to Defendants' refusal to award him a new twelve-month contract are discrete acts and the continuous violation theory is inapplicable. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113, 122 S.Ct. 2061, 2072 (2002). Thus, Williams has not presented evidence or argument to justify the extraordinary measure of reconsideration.

### C. Mitigation of Damages.

Williams contends that this Court erred and created manifest injustice by ruling that he should have taken the Mansfield, Louisiana twelve-month welding contract job. See Record Document 70-1 at 16-17. The availability of the Mansfield position was noted by the Court in the background section of its ruling. See Record Document 68 at 2-3. Otherwise, the availability of the Mansfield position did not factor into this Court's analysis and/or decision. Reconsideration on this basis is, therefore, not warranted.

### D. Comparators.

Williams seeks reconsideration of this Court's ruling that he did not provide adequate information about comparators. See Record Document 70-1 at 17. Williams asks this Court to accept that the job responsibilities of a welding instructor are the same as those of an instructor outside of the welding department. See id. at 17-20; Record Document 73 at 5.

As noted in this Court's previous ruling, Williams must show that white employees were treated differently under circumstances "nearly identical" to his. Mayberry v. Vought

Aircraft Co., 55 F.3d 1086, 1090 (5th Cir. 1995); see also Little v. Republic Ref. Co., 924 F.2d 93, 97 (5th Cir.1991); Smith v. Wal-Mart Stores, 891 F.2d 1177, 1180 (5th Cir.1990); Davin v. Delta Air Lines, Inc., 678 F.2d 567, 570-571 (5th Cir. Unit B 1982). A review of the instant motion and Williams' reply does not reveal an adequate basis to reconsider this Court's ruling that Williams did not meet his burden of showing that others similarly situated and outside the protected class were treated more favorably. Williams rehashes the same arguments that were squarely rejected by this Court in its January 2017 ruling. See LeClerc v. Webb, 419 F.3d 405, 412 n.13 (5th Cir. 2005) ("A motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments."). Williams is free to raise these issues on appeal, but a motion to reconsider "is not a second bite at the summary judgment apple." Factor King, 192 F.Supp.3d at 696.

## III. CONCLUSION.

Based on the foregoing analysis, Williams has not shown a basis under Rule 59(e) or Rule 60(b) for reconsideration of this Court's January 24, 2017 ruling dismissing all of his racial discrimination claims. Thus, his Motion to Reconsider Summary Judgment (Record Document 70) is hereby **DENIED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 30th day of August, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE